UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE; MIKE BOUDREAUX, individually and in his capacity as Sheriff-Coroner of the County of Tulare; DOES 1-20, in their individual and official capacities,<br><br>    Defendants. | No.  1:15-cv-01650 JAM-SAB<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR PRELMINARY INJUNCTION** |

On December 16, 2015 at 9:30 a.m., this matter came on regularly for a hearing in Courtroom 6, Fourteenth Floor, of this Court, the Honorable John A. Mendez presiding.  Having considered the parties' pleadings, the arguments of counsel, and the entire record in this case, and good cause appearing therefor,

THE COURT HEREBY FINDS AND ORDERS:

Plaintiff seeks a preliminary injunction which orders (1) "that [Defendants] shall not refuse to deliver publications

1

sent to prisoners at the County jails on the ground that the publications contain staples, provided that Defendants may comply by removing the staples" and (2) "that Defendants shall provide adequate written notice and an administrative appeal process to both prisoners and senders when Defendants refuse to deliver publications to prisoners at the County jails."

As to the first portion of the preliminary injunction sought by Plaintiff, Defendants primarily challenge Plaintiff's claim that Plaintiff has shown it is likely to suffer irreparable harm in the absence of a preliminary injunction. Specifically, Defendants argue that despite their past practices, they have not only ceased a disputed practice but actually implemented a new policy (Policy 1009 effective November 4, 2015) which allows the delivery of Plaintiff's publications to jail inmates after the staff removes any staples and tapes the publications closed. Thus, the instant case is unlike other cases where courts have found that a policy change was only a temporary withdrawal of an alleged policy or suspension of enforcement of the policy at issue and, therefore, a preliminary injunction was appropriate. Instead, this case is similar to <u>Mitchell v. Cate</u>, 2014 LEXIS 87274, 2014 WL 2895232 (ED CAL June 24, 2014) where the Court denied a motion for preliminary injunction because Plaintiff did not establish a current likelihood of irreparable harm under the prison's new policy. Given Defendants' unequivocal revision of its previous mail policy and adoption of a new policy that allows mailed publications with staples to be delivered after the removal of staples, the Court finds that Plaintiff has not satisfied its burden of demonstrating a likelihood of irreparable

2

injury in the absence of a preliminary injunction regarding the delivery of Plaintiff's publications. The Court also finds that Plaintiff has not made a sufficient showing that a preliminary injunction requiring Defendants to enforce its new mail policy during the pendency of this action is necessary because Defendants past conduct evidences a threat of immediate irreparable harm. The evidence before the Court demonstrates that Defendants' new policy, although only six weeks old, already has been effective at remedying the alleged First Amendment inquiries.

As to the second portion of the preliminary injunction sought by Plaintiff, the Court finds that Plaintiff has demonstrated a likelihood of success on the merits of its Due Process claim, that it will suffer irreparable harm in the absence of preliminary injunctive relief and the balance of equities tips decidedly in Plaintiff's favor. Moreover, the preliminary injunction set forth below is in the public interest. Defendants' historical failure to follow its notice policies is sufficient evidence that Plaintiff is likely to succeed on the merits of its due process claim. Unlike the free speech claim discussed above, Defendants have not provided sufficient evidence that they are currently meeting the due process constitutional requirements of notice and a hearing. Plaintiff has not received proper notice when its publications have been rejected and is therefore likely to suffer irreparable harm in the absence of preliminary relief.

The preliminary injunction set forth below is narrowly drawn, extends no further than necessary to correct the harm the

1  Court finds requires preliminary relief, and is the least
2  intrusive means necessary to correct that harm.
3      In these circumstances, waiver of the bond requirement is
4  appropriate because Plaintiff is a small non-profit organization
5  with limited resources.

**ORDER**

7      IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary
8  Injunction is GRATNED IN PART AS FOLLOWS:
9      Defendants County of Tulare (the "County") and Mike
10 Boudreaux, and their successors, officers, agents, servants,
11 employees, and attorneys, and all others in active concert or
12 participation with them (hereinafter referred to collectively as
13 "Defendants"), shall provide adequate written notice and an
14 administrative appeal process to both prisoners and senders when
15 Defendants refuse to deliver Plaintiff's publications to
16 prisoners at the County's jails.  Such notice and appeal process
17 requirements may be satisfied through the utilization of a
18 standardized form similar to that used by the California
19 Department of Corrections and Rehabilitation, attached hereto as
20 Exhibit 1.
21     IT IS FURTHER ORDERED that the bond requirement is waived.
22     No person who has notice of this injunction shall fail to
23 comply with it, nor shall any person subvert the injunction by
24 any sham, indirection or other artifice.
25     IT IS SO ORDERED.
26 Dated:  December 16, 2015.

JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

4

EXHIBIT 1

Case 1:15-cv-01650-JAM-SAB Document 27 Filed 08/22/16 Page 23 of 28
Case 4:07-cv-02058-CW Document 21 Filed 08/22/07 Page 3 of 6
Case 1:15-cv-01650-JAM-SAB Document 12-2 Filed 11/03/15 Page 107 of 109

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    ARNOLD SCHWARZENEGGER, *GOVERNOR*

**NAME OF INSTITUTION**
**Institution Address**
**Name of City, CA Zip Code**



Date

Recipient Name
Organization or Company
Address
City, State Zip Code

Dear (Name):

This letter is to advise you that your publication entitled (Title of Publication), for the month of (Month & Year), will not be delivered to inmate(s) (Enter last names and CDCR numbers of all intended inmate recipients of the publication) housed at (Name of Institution). This is based on a violation of the California Code of Regulations, Section (List CCR Section), which states in part, "(Enter applicable CCR langauge)." Your publication contained material on page(s) __ that was (be specific as to how it violated CCR; i.e., nude photos, article about making bombs, etc.)

Please be advised that you have the right per CCR Section 3137(c) to appeal this issue. CCR 3137(c) states in part, "Appeals relating to facility procedures and practices should be addressed in writing to the warden, superintendent or regional administrator of the facility where the appeal arises. The warden, superintendent or regional parole administrator shall provide a written response within 15 working days. Appeals that are not satisfactorily resolved at this level may be forwarded in writing to the Secretary, who shall provide a written response within 20 working days."

Should you have any questions or concerns, please contact (Enter Contact information).

Sincerely,


AUTHOR NAME IN CAPS
Title
Unit/Division/Department