Kathleen Bales-Lange, #094765
County Counsel for the County of Tulare
Kathleen A. Taylor, #131100
Chief Deputy County Counsel
Kevin Stimmel, #292838
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Telephone: (559) 636-4950
Facsimile: (559) 737-4319
E-mail: kstimmel@co.tulare.ca.us

Attorneys for Defendant County of Tulare

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff(s),<br><br>v.<br><br>COUNTY OF TULARE; MIKE BOUDREAUX, individually and in his capacity as Sheriff-Coroner of the County of Tulare; DOES 1-20, in their individual and official capacities,<br><br>Defendant(s). | Case No. 1:15-CV-01650-JAM SAB<br><br>STIPULATION AND CONSENT DECREE<br><br>Judge: Hon. John A. Mendez |

The parties to this action, represented by counsel, stipulate to and request entry of a consent decree by the court as follows:

1.      On October 29, 2015, Plaintiff Prison Legal News, a Project of the Human Rights Defense Center ("Plaintiff") filed suit in the above entitled matter seeking injunctive and declaratory relief, money damages, attorney's fees and costs. Plaintiff's complaint alleges an unlawful and unconstitutional custom, practice, or policy regarding the delivery of incoming publications and correspondence to prisoners at the County of Tulare jails. The complaint alleges violations of the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.

2. Shortly after becoming aware of the Plaintiff's filed Complaint, Defendant responded immediately by implementing a new mail policy in connection with delivery of the publication.

3. On December 7, 2015, Defendants County of Tulare, et al., (collectively "Defendants") filed an answer denying the allegations of the complaint and raising various affirmative defenses.

4. On December 16, 2015, the Court granted Plaintiff's motion for preliminary injunction in part, and denied in part.

5. Plaintiff and Defendants (collectively "Parties") agree that Defendants have disputed, and continue to dispute and deny, liability. However, in order to avoid the expense, delay, uncertainty, and burden of litigation the Parties agree to the entry of this consent decree.

6. The Parties agree that this consent decree resolves all claims for injunctive relief alleged in the Plaintiff's Complaint.  By this consent decree, together with payment of the sum of fifteen thousand dollars ($15,000.00), the Parties agree that all equitable and damages claims alleged by Plaintiff are fully and finally resolved. The Parties agree that Plaintiff will execute a release of all claims, and that Defendant will remit payment to Plaintiff, within 45 days of the entry of this consent decree by the Court. If payment is not made within (60) days, interest shall accrue pursuant to 28 U.S.C. §1961 from the date of entry of this order. The Parties agree that Plaintiff will submit a petition for attorneys' fees and costs for work performed in this case to the Court, and nothing in this consent decree affects or limits its right to do so. The parties agree that the court shall award Plaintiff such fees and costs pursuant to 42 U.S.C. section 1988 as the prevailing party.

7. DEFINITIONS:

a. As used herein, STAPLES shall mean the type of light-duty small wire fasteners commonly used to attach a few sheets of paper, and used by Plaintiff to bind the sheets of its monthly publication.

b. As used herein, PUBLISHER shall mean any publisher, commercial or non-profit distributor of printed materials, or book store that does mail order business.

8. The Parties agree that Defendants and their successors, officers, agents, servants, and employees, and all others in active concert or participation with them, shall not refuse to deliver publications, correspondence, or documents sent by any PUBLISHER to prisoners at Defendants' jails on the ground that these publications, correspondence, or documents contain STAPLES, provided that Defendants may comply by removing the STAPLES.

9. The Parties agree that Defendants shall provide adequate written notice and an administrative review process to the PUBLISHER of any refusal to deliver any publication, correspondence, or document sent from a PUBLISHER to a prisoner at the Defendants' jails. The administrative review process shall include the PUBLISHER's right to have its appeal, complaint, or inquiry considered and resolved by a decision maker other than the person who originally refused to deliver the publication or mailing in question. Defendants agree to provide a written response to all publication censorship appeals within 15 business days of receiving the appeal.

10. The Parties agree that Defendants shall include an explanation of the terms of the Sheriff's New Mail Policy in relation to delivery of publications and the administrative review process for refused mailings in the Tulare County Jail Handbook for delivery to prisoners and on its website.

11. Nothing in this Consent Decree is intended either to create any rights in or grant any cause of action to any person not a party to this Consent Decree, or to release or waive any claim, cause of action, demand, or defense in law or equity that any party to this Consent Decree may have against any person(s) or entity not a party to this Consent Decree.

12. If Plaintiff identifies, in future, a violation of this order Plaintiff shall give prompt notice to Defendants to cure said violation. The Parties shall meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the violation is not cured by this meet and confer process between the Parties, Defendants shall be liable for the reasonable attorney's fees and costs Plaintiff incurred in proving the violation.

13. The Court finds that this case concerns the First and Fourteenth Amendment rights of a publisher and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The Court further finds that the relief herein ordered is narrowly drawn, extends no further than necessary to correct the harm alleged by Plaintiff requiring injunctive relief, and is the least intrusive means necessary to correct that alleged harm.

14. The Court retains jurisdiction of this matter for the purpose of enforcement of its Order until terminated upon motion made by either party.

15. No person who has notice of this consent decree shall fail to comply with it, nor shall any person subvert the injunction by any sham, indirection, or other artifice.

Dated: 7/1/2016                           MIKE BOUDREAUX
                                          Tulare County Sheriff

                                          By: _/s/_____

Dated: 6/28/2016                          HUMAN RIGHTS DEFENSE CENTER

                                          By: _/s/_____
                                              Paul Wright
                                              Editor and Executive Director

APPROVED AS TO FORM AND CONTENT

Dated: 7/1/2016                           KATHLEEN BALES-LANGE
                                          Tulare County Counsel

                                          By: _/s/_____
                                              Kevin Stimmel
                                              Deputy County Counsel
                                              Attorney for Defendants County of Tulare
                                              and Mike Boudreaux

APPROVED AS TO FORM AND CONTENT

Dated: 6/30/2016                                    ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/_____
    Lisa Ells
    Attorney for Plaintiff Prison Legal News

IT IS SO ORDERED.

DATED: 7/5/2016                                    /s/ John A. Mendez_____
    John A. Mendez,
    United States District Court Judge